Jimmy Lee GRAY, Petitioner-Appellant,

v.

Eddie LUCAS, Warden, et al., Respondents-Appellees.

No. 81–4018.

United States Court of Appeals, Fifth Circuit.

Sept. 3, 1982.

Richard E. Shapiro, New Orleans, La., Albert Sidney Johnston, Jr., Biloxi, Miss., for petitioner-appellant.

Billy L. Gore, Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(677 F.2d 1086 (5th Cir. 1982))

Before CLARK, Chief Judge, THORN-BERRY and GARZA, Circuit Judges.

PER CURIAM:

In affirming the district court's denial of Jimmy Lee Gray's habeas corpus petition, we decided several issues raised by Gray that had not been addressed in the district court's opinion. Gray raises four of these issues again in this petition for panel rehearing, alleging that his initial presentation was not complete. We have reconsidered each of these questions in light of Gray's supplemented arguments but still find them to be without merit. His petition is denied.

## I.

Gray was convicted of capital murder under Miss.Code Ann. § 97–3–19(2)(e). That statute applies by its terms to both intentional and unintentional killings that occur during the commission of certain felonies. Therefore, Gray argues that we must address the ticklish question whether capital punishment for an unintentional killing comports with eighth amendment standards.

We disagree. It is undisputed that at the sentencing phase of Gray's bifurcated trial the jury found beyond a reasonable doubt that Gray had killed Derissa Scales for the purpose of avoiding arrest. This finding is equivalent to a finding of intent. Taking a human life for a deliberate and particular purpose, such as to avoid arrest, is necessarily intentional murder. For this reason we affirm our earlier conclusion that we need not reach the "difficult question of constitutional law" posed by capital punishment for an unintentional killing. 677 F.2d at 1103.

## II.

Gray's second contention is that, in sentencing him, the jury should have been required to find beyond a reasonable doubt that the attendant aggravating circumstances outweighed the mitigating circumstances. On this point we are persuaded by the reasoning of our sister circuit, which recently addressed this issue.

> [This argument] seriously confuses proof of facts and the weighing of facts in sentencing. While the existence of an aggravating or mitigating circumstance is a fact susceptible to proof under a reasonable doubt or preponderance standard, the relative *weight* is not. The process of weighing circumstances is a matter for judge and jury, and, unlike facts, is not susceptible to proof by either party.

*Ford v. Strickland*, 676 F.2d 434, 442 (citations omitted), *reh'g en banc granted*, 676

F.2d 456 (11th Cir. 1982). The reasonable doubt standard simply has no application to the weighing of aggravating and mitigating circumstances.

### III.

Gray also alleges that we erred in failing to make an independent determination of the voluntariness of his confession. In our prior opinion we found that the state court rejected Gray's allegation that his confession was coerced and that we were bound by this factual determination. Gray's position here is that the state court did not disbelieve his allegation that he was threatened but rather found the threats insufficient to render his confession involuntary. Therefore, he argues that it is our duty to determine, under his version of the facts, whether the confession was voluntary.

We disagree with Gray's interpretation of the state court's opinion and adhere to our prior opinion, in which we stated: "Although the [state] court's holding [that the confession was voluntary] turned on several considerations, implicit in that holding was a rejection of Gray's version of the events leading to his confession, a conclusion which the court had already made clear in its earlier recitation of the facts." 677 F.2d at 1108 n.18. The state court's recitation of the facts completely omits Gray's allegation that his confession was coerced by threats. It is obvious that the court made a credibility choice and rejected Gray's version. We are bound by this choice.

### IV.

Miss.Code Ann. § 99–19–101(5)(h) provides that one aggravating circumstance to be considered by a jury in the sentencing phase of a capital murder trial is whether the murder was especially heinous, atrocious, or cruel. Gray contends that the Mississippi Supreme Court has never adopted a constitutionally permissible construction of that statute.

Again, we disagree. In *Coleman v. State*, 378 So.2d 640 (Miss.1978), the Mississippi Supreme Court construed § 99–19–101(5)(h) by quoting from this court's opinion in *Spinkellink v. Wainwright*, 578 F.2d 582, 611 (5th Cir. 1978): "What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies—*the conscienceless or pitiless crime which is unnecessarily torturous to the victim*." 378 So.2d at 648 (emphasis added by the state court). This construction clearly eliminates the risk that the death penalty will be inflicted in an arbitrary and capricious manner. *See Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

The other issues Gray raises in his petition for panel rehearing were fully briefed by the parties and given plenary treatment in our prior opinion. Further consideration of them is unnecessary.

Gray's petition for panel rehearing is DENIED.

Gray's petition for panel rehearing was accompanied by a suggestion for rehearing en banc. No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Fed.R.App.P. 35; Local Fifth Circuit Rule 16), this suggestion is

DENIED.